**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA :
:
v. :
: Crim. No. 3:19-cr-00176 (AWT)
JOSE PAULINO :

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

For the reasons set forth below, defendant Jose Paulino's Motion for a Sentence Reduction (ECF Nos. 191 and 195) is hereby DENIED.

On September 3, 2021, the court sentenced the defendant on Count One of an Indictment which charged the defendant with conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and (iii), and 846, and on Count One of an Information which charged the defendant with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(1). The court imposed concurrent sentences of seventy months of imprisonment, to be followed by a four-year term of supervised release on Count One of the Indictment and a three-

year term of supervised release on Count One of the Information, to be served concurrently.

The Presentence Report calculated the total offense level to be 27 and the defendant's criminal history category to be III, so the advisory range for imprisonment under the Sentencing Guidelines was 87 months to 108 months. The controlled substances for the drug offense included crack cocaine, and the court made a variance from the Sentencing Guidelines by using the 1:1 crack to powder cocaine ratio. Based on that variance the court used an advisory range for imprisonment of 70 months to 87 months and then imposed a sentence at the bottom of that range. In imposing sentence, the court stated that there was a need for the sentence imposed to constitute just punishment, to deter the defendant from committing further offenses, and to reflect the seriousness of the offense.

In support of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act in 2018, the defendant argues that extraordinary and compelling reasons are present. Specifically, he argues:

> Mr. Paulino's medical issues, including long term effects from covid infection, high blood pressure and hypertension as cited by the defendant in his pro se Motion for Sentence Reduction dated August 1, 2022 and filed with the court on December 15, 2022 (Document 191), the inability of the defendant to participate in rehabilitative programs while incarcerated, the current deportation order, and the fact that he has served 67% of his sentence should warrant a reduction in his sentence.

Def.'s Suppl. Mot. for Sentence Reduction (ECF No. 195) at 1. He also argues that "his conditions of confinement were much more punitive than they were ever intended to be due to the B.O.P.'s inadequate response" to the COVID-19 pandemic. Def.'s Mot. for Sentence Reduction (ECF No. 191) at 2.

Section 3582(c)(1)(A) of Title 18 of the United States Code requires as an initial matter that

> the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A). Assuming a defendant has exhausted administrative remedies, a court may reduce a term of imprisonment under Section 3582(c)(1)(A)(i) if, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). In making this determination courts should "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guidelines §

1B1.13, limits the district court's discretion." U.S. v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

It does not appear that the defendant has exhausted administrative remedies. In his motion he states: "The warden of Federal Correctional Institution Ray Brook denied his request for compassionate release on ________, 2022 (attached as Exhibit A)." Def.'s Mot. for Sentence Reduction at 1. There is no Exhibit A attached and Paulino nowhere provides a date on which he made a request or a request by him was denied. In addition, the government reports that based on its inquiry to the Bureau of Prisons, it does not appear that Paulino made a request to the warden. See Gov't's Opp'n (ECF No. 196) at 4. Thus, Paulino's motion should be denied for this reason.

Moreover, Paulino's motion would be denied even if he had satisfied the requirement with respect to exhaustion of administrative remedies. With respect to COVID-19, the defendant argues that he "could literally die the next time he gets COVID. He is still suffering from the effects from the last time he contracted the virus and has difficulty breathing." Def.'s Mot. for Sentence Reduction at 2. However, the defendant's medical records show that he was vaccinated in 2021 before he was sentenced and that he received a booster vaccination in 2022. See Gov't's Ex. A (subset of medical records), filed under seal, at 68. Consequently, he cannot show

extraordinary and compelling reasons for release based on vulnerability to COVID-19. As noted in United States v. Poupart:

> The opportunity for individually-identifiable inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 infection vulnerability and inability to protect themselves against the virus, even with comorbidities. . . . Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated.

No. 3:11cr116(JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021). Nor does the record reflect that Paulino has some other serious medical condition which supports a conclusion that his continued imprisonment results in an unwarranted risk to his health.

The defendant also makes certain arguments with respect to his conditions of confinement. He maintains that his conditions of confinement have been much more punitive than intended because of the pandemic, but he points to no pandemic-related conditions experienced by him that were not experienced by other inmates. Paulino maintains that he cannot qualify for programs like the 500-hour Residential Drug Abuse Program because he is a noncitizen but, as reflected in the Presentence Report, he does not suffer from a drug addiction and thus would not qualify for the program because he does not have a verifiable substance abuse disorder. He maintains that he is ineligible for earned-

time credits because of an immigration detainer. However, the reason Paulino is not eligible for earned time credits under the First Step Act is that he was convicted for a violation of 8 U.S.C. § 1326(a) and falls within subsection (b)(1) because his removal is after a conviction for the commission of a felony. Section 3632(d)(4)(D) of Title 18 of the United States Code provides that a prisoner cannot receive time credits where the prisoner is serving a sentence for a conviction for specified violations of law, which include violations of 8 U.S.C. § 1326, relating to the reentry of a removed alien, if the alien falls within paragraphs (b)(1) or (b)(2) of that subsection. See 18 U.S.C. § 3632(d)(4)(D)(lix). As reflected in Section 3632(d)(4)(D), Paulino was convicted of one of the many offenses that make an inmate ineligible to receive time credits under the First Step Act. Thus his situation is not extraordinary.

Moreover, even if Paulino could establish extraordinary and compelling reasons to reduce his sentence, the Section 3553(a) factors weigh decisively against reducing his sentence.

In 1997 Paulino was sentenced in state court in New York for sale of a controlled substance. In 2010 Paulino was sentenced, in the United States District Court for the Southern District of New York, for illegal reentry into the United States; in 2013 he was sentenced, in the United States District Court, Southern District of Texas, for illegal reentry into the

United States. Thus, when Paulino was sentenced in this case, it was his second drug conviction and his third federal conviction for illegally reentering the United States.

As a consequence, during the sentencing on September 3, 2021, where the defendant was being sentenced both for the drug offense and for illegal reentry, the court stated, in response to the defendant's argument that the most appropriate total sentence was the five-year mandatory minimum sentence for the drug offense:

> In your case I am most aware of the need to impose a sentence that constitutes just punishment for your offense conduct and the need to deter you from committing further offenses, and the need for the sentence imposed to reflect the serious nature of the offense.
>
> It's significant that we're here for not just one offense but two offenses. We have a drug offense and we have the illegal reentry offense. I believe that, and the particular circumstances of your history, make it inappropriate to impose a sentence that is the mandatory minimum.
>
> . . .
>
> Your counsel mentioned -- just to give you some context -- that you got a 20-month sentence for your immigration offense. Three times that would be 60. That's the mandatory minimum. But the fact that we also have the drug offense, and the drug offense standing alone merits at least a 60-month sentence. So because you're being sentenced for both offenses, I don't believe that a 60-month sentence is appropriate.

Sealed 9/3/21 Sentencing Tr. (ECF No. 194) 28:11 to 29:4. The court also noted:

> I think specific deterrence is a need here. This is your third time having a sentence for illegal reentry, and I

> think that that does tell us that it's necessary to be concerned about the specific deterrence.

Id. at 29:9-13.

In it's opposition, the government argues:

> First, the sentence was necessary to reflect the seriousness of the offenses. PAULINO participated in a drug conspiracy that involved trafficking of considerable quantities of cocaine, at least some of which was cooked into cocaine base. PAULINO also sold counterfeit oxycodone pills to his co-conspirator, MUSA HILL. It is clear that HILL, was not his only drug customer, as when PAULINO was arrested, members of law enforcement seized significant quantities of cocaine from PAULINO's New York residence, in addition to US currency. It is aggravating that PAULINO did not sell the drugs to support an addiction. It is also aggravating that PAULINO reentered the United States—having been removed on three prior occasions—and used that opportunity in the United States to engage in illegal drug trafficking.
>
> Second, the sentence is necessary to deter PAULINO from future criminal conduct. PAULINO has been federally prosecuted on two prior occasions—both for illegal reentry. Neither of those prosecutions (or sentences) appeared to have any deterrent effect, as PAULINO was again found in the United States, and this time in the midst of significant drug trafficking activity. PAULINO has been impervious to deterrence, as each illegal reentry conviction has been followed by another illegal reentry. The sentence imposed in this case remains necessary to make clear to PAULINO that any return to the United States—and to other criminal activity—will be punished harshly, such that PAULINO has little incentive to return to the United States unlawfully.

Gov't's Opp'n (ECF No. 196) at 7-8.

The court agrees with the forgoing analysis. It was accurate at the time the defendant was sentenced in this case and nothing in the submissions filed on behalf of the defendant in support of the instant motion leads the court to come to a

conclusion at this time other than that the seventy-month sentence that was imposed was the minimum necessary to serve the purposes of sentencing in this case.

It is so ordered.

Signed this 24th day of August 2023 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge